## ANDERSON v GRIFFIS

Ohio Appeals, 2nd Dist, Shelby Co
No 71. Decided July 25, 1929

H. T. Matthews and H. E. Beery and James & Coolidge, Dayton, for Anderson.
J. H. Cooke, Lima, Hess & Hess, Sidney, and Taylor Cummins, for Griffis.

ALLREAD, J.

There were exceptions to the intro-
duction of evidence. We will only refer
to one exception, to-wit the one based

upon a ruling by the Court at the con-
clusion of the Plaintiff's evidence. A
motion was made for a ruling of the
Court as to the sufficiency of the publi-
cation in respect to its being dictated to
the stenographer of the defendant. The
Court overruled the objection and we
think the ruling of the court is in accord-
ance with the best considered cases based
upon the necessities of modern business
as to the use of a stenographer. We think
that the character of the stenographer is
a confidential one, and the dictation of a
letter such as the one in controversy, to a
stenographer, in good faith, cannot be
considered a publication so as to be made
the basis of a suit for libel.

Upon the other motion made to the
court at the close of the plaintiff's evi-
dence, to instruct a verdict for the de-
fendant, we cannot escape the conclusion
that the Trial Court was in error.

The defense was a special privilege,
and denies the charge of the plaintiff that
the publication of the letter was malicious.
It was necessary to the plea of privilege
that there was an absence of malice in
the publication. There was evidence
offered, tending to prove that the defend-
ant Griffis, after Anderson had left his
Company and organized the Pioneer Body
Company, had often met Anderson on the
street and had failed to speak to him.

There was evidence tending to show
that their relations after the severance
of business relations was somewhat strain-
ed. We think there was enough of this
evidence to require the case to go to the
jury, but besides these, there is a par-
graph or two in the letter written by
Griffis which is capable of a construction
that there was some malice in the letter
itself.

The question of privilege was considered
by the Supreme Court in the case of
**Mauk vs. Brundage, 68 Ohio State, 89.**
In that case it was held that where the
publication upon its face is capable of a
construction that the publication was
maliciously made, the question of privi-
lege cannot be applied.

Also it was held in that case that the
question of privilege is one to be consider-
ed by the Court only in case the controll-
ing facts are conceded. Where there is a
question of fact, as for instance on the
issue as to malice, is presented, the case
must go to the jury.

There is a question made as to whether
the recent decisions of the Supreme Court
justify the overruling of the scintilla rule.
The decision of Judge Jones in the case of
**Bag Co. vs. Jaite, 112 OS. 506,** is the de-
cision of three judges of the court, where-
as in the more recent case decided by
Judge Marshall, **Gas Co., vs. Broadbeck,
114 OS. 429,** the scintilla rule is again an-
nounced as the decision of the court. We
are therefore required to hold that the
scintilla rule is still in force.

We are of opinion that there is enough
in the plaintiff's case to have required
the overruling of the motion to instruct
a verdict for the defendant. We are,
therefore of opinion that the judgment

of the Court of Common Pleas must be reversed and case remanded for a new trial.

Kunkle and Hornbeck, JJ., concur.